UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TONY LAMAR CARD,

           Plaintiff,

   v.

DIANA L. KIESEL,

           Defendant.

CASE NO. 3:25-cv-05215-TMC

REPORT AND RECOMMENDATION

Noting Date: April 2, 2025

      The District Court has referred Plaintiff Tony Lamar Card's pending Application to Proceed *In Forma Pauperis* ("IFP") and Proposed Complaint to United States Magistrate Judge Grady J. Leupold pursuant to Amended General Order 05-25. On March 13, 2025, Plaintiff filed a Proposed Complaint and IFP Application, that is, to proceed without paying the filing fee for a civil case. *See* Dkts. 1; 1-1.

      In determining whether IFP should be granted in this case, the Court has reviewed the Proposed Complaint and finds Plaintiff has failed to state a claim upon which relief can be granted. The Court also finds leave to amend is not warranted. Therefore, the Court recommends this case be **DISMISSED with prejudice** and the IFP Application (Dkt. 1) be **DENIED**.

REPORT AND RECOMMENDATION - 1

1   **Review of the Proposed Complaint.** The Court has carefully reviewed the Proposed
2   Complaint in this matter. Because Plaintiff filed this Complaint *pro se*, the Court has construed
3   the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v.*
4   *Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988).
5         In his Proposed Complaint, Plaintiff names Diana L. Kiesel, a Judge on the Pierce
6   County Superior Court in Tacoma, Washington, as the sole defendant. Dkt. 1-1. While unclear,
7   Plaintiff appears to allege Judge Kiesel has failed to respond to a request Plaintiff made in a
8   mailing addressed to her relating to "several things," including the alleged kidnapping of
9   Plaintiff's son. *Id*. at 5, 9.
10  **Sua Sponte Dismissal.** The district court may permit indigent litigants to proceed IFP
11  upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the Court
12  must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory
13  screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to
14  state a claim on which relief may be granted," or "seeks monetary relief against a defendant who
15  is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d
16  845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to
17  prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28
18  U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP
19  complaint that fails to state a claim).
20        An IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v.*
21  *First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d
22  527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).
23  Furthermore, a federal court may dismiss a case *sua sponte* pursuant to Federal Rule of Civil
24

REPORT AND RECOMMENDATION - 2

Procedure 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief maybe granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); *see also Mallard v. United States Dist. Court*, 490 U.S. 296, 307–08 (1989) (noting there is little doubt a federal court would have the power to dismiss a frivolous complaint *sua sponte*, even in absence of an express statutory provision).

Judge Kiesel, the sole defendant named in this case, has judicial immunity. "Anglo–American common law has long recognized judicial immunity, a sweeping form of immunity for acts performed by judges that relate to the judicial process." *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (internal quotations omitted). "Absolute immunity fails to attach to judicial officers only when they act clearly and completely outside the scope of their jurisdiction." *Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir. 1985) (internal citations omitted).

Plaintiff appears to allege Judge Kiesel has not responded to a request made by Plaintiff in a separate case before her that is potentially related to the alleged kidnapping of Plaintiff's son. Dkt. 1-1. As the actions giving rise to his Complaint are related to the judicial process, Judge Kiesel has absolute judicial immunity from this suit. *See Olson v. Idaho State Board of Medicine*, 363 F.3d 916 (9th Cir. 2004) (noting that judges are entitled to absolute immunity for actions taken within their jurisdiction).

Moreover, Plaintiff fails to allege any facts that support his conclusion that Judge Kiesel's failure to respond to a request made in a mailing to the court resulted in a violation of his rights. *See* Dkt. 1-1. Regardless, "[a]llegations of malice or bad faith in the execution of the officer's duties are insufficient to sustain the complaint when the officer possesses absolute judicial immunity." *Demoran*, 781 F.2d at 158. This case has no arguable basis in law or fact.

REPORT AND RECOMMENDATION - 3

Therefore, the Proposed Complaint should be dismissed as frivolous and for failure to state a claim.

**Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

In this case, any attempt by Plaintiff to amend the Proposed Complaint would be futile. As such, the Court finds Plaintiff should not be afforded leave to amend his Proposed Complaint.

**Decision on Application to Proceed IFP.** A district court may deny leave to proceed IFP at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998); *Tripati*, 821 F.2d at 1370. Here, the Proposed Complaint is frivolous and lacks merit. Based upon the above analysis of the deficiencies in the Proposed Complaint, the Court recommends denying Plaintiff's IFP Application (Dkt. 1).

**IFP on Appeal.** In the event that Plaintiff appeals any order entered in this case and/or appeals dismissal of this case, IFP status should be denied by this Court, without prejudice to Plaintiff's right to file an application to proceed IFP with the Ninth Circuit Court of Appeals.

**Conclusion.** For the above stated reasons, the undersigned recommends Plaintiff's IFP Application (Dkt. 1) be **DENIED**, this case be **DISMISSED with prejudice** as frivolous and for failure to state a claim, and any IFP status on appeal be **DENIED without prejudice** to Plaintiff's right to file an application to proceed IFP with the Ninth Circuit Court of Appeals.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of

REPORT AND RECOMMENDATION - 4

1    those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda*

2    *v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time

3    limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on April 2,

4    2025, as noted in the caption.

5        Dated this 18th day of March, 2025.

                                    Grady J. Leupold
                                    United States Magistrate Judge